UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHRISTINA CAMILLE "CAMI" DEAN | § § § | |
| v. | § § | CIVIL NO. 4:25-CV-497-SDJ |
| UNITED CONSUMER FINANCIAL SERVICES COMPANY, INC. | § § § § | |

## MEMORANDUM OPINION AND ORDER

In this credit reporting case, Plaintiff Christina Camille "Cami" Dean has sued Defendant United Consumer Financial Services Company ('UCFS") for alleged violations of Sections 1681s-2(a) and (b) of the Fair Credit Reporting Act ("FCRA"). The FCRA, 15 U.S.C. § 1681s–2, was designed to "protect an individual from inaccurate or arbitrary information . . . in a consumer report and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Smith v. Nat'l City Mortg.*, A–09–CV–881 LY, 2010 WL 3338537, at *14 (W.D. Tex. Aug. 23, 2010) (citing *St. Paul Guardian Ins. Co. v. Johnson*, 884 F.2d 881, 883 (5th Cir. 1989) (internal quotations and citations omitted)). The FCRA requires "furnishers of information," defined generally as entities which transmit information regarding a specific debt owed by a consumer to a consumer reporting agency, to provide accurate information to consumer reporting agencies. *Smith*, 2010 WL 3338537, at *14 (citations omitted). UCFS is a "furnisher of information" under the FCRA. Before the Court is UCFS's Motion for Summary Judgment. (Dkt #12). Dean has not responded to the motion.

1

UCFS's motion will be granted for three reasons. First, Dean's claim under 15 U.S.C. § 1681s–2(a) fails because there is no private right of action for a violation of this statute. Second, 15 U.S.C. § 1681s–2(b) only provides a private right of action for a furnisher's failure to reasonably investigate a dispute received from a credit reporting agency. Here, the uncontroverted summary judgment record shows that UCFS never received an indirect dispute from a credit reporting agency on Dean's account, negating any possibility that UCFS could have violated the statute as to Dean. And third, the uncontroverted summary judgment record also shows that UCFS furnished accurate information regarding the payment activity at issue in this case, including Dean's payoff of the account in question. Summary judgment will be granted as to all claims asserted by Dean.

## I. BACKGROUND

This case arises from UCFS's reporting entries on a credit card account that Dean held with UCFS. (Dkt. #5 at 4). Dean is a consumer who sued UCFS, her creditor, for alleged violations of the FCRA. (Dkt. #12 at 1).

In October 2024, Dean entered into a Retail Installment Contract/Security Agreement (the "Contract") with Tax Relief Advocates, a third-party provider of tax resolution services. (Dkt. #12 at 2); (Dkt. #5 at 4). Tax Relief Advocates assigned the Contract to UCFS. (Dkt. #12-2 at 3). The original balance of Dean's account was $16,671.24. (Dkt. #5 at 5). This included $13,000.00, the amount financed to Dean under the Contract, and $3,671.24 in a precomputed finance charge—the dollar amount the credit cost Dean. (Dkt. #12-2 at 2). The Contract required thirty-six

2

monthly payments to UCFS of $463.09 beginning in November 2024. (Dkt. #12-2 at 2).

The Contract contained a "365 Days Same As Cash" provision ("SAC Option"), part of a payment schedule which allowed Dean to carry interest-free credit during a specified time. (Dkt #5 at 4); (Dkt. #12-2 at 3). The SAC Option also permitted Dean to pay off her Contract by paying the full amount financed on or before 365 days from the date of the Contract's execution. (Dkt. #12 at 3); (Dkt. #12-2 at 2–3). Furthermore, the Contract contained a "Prepayment and Refinanced Amounts" provision which allowed Dean to prepay the whole outstanding amount she owed under the Contract at any time. (Dkt. #12-2 at 3). If Dean elected to prepay the Contract early, then UCFS would provide a credit for the unearned finance charge, and she could receive up to a $3,671.24 refund. (Dkt. #12 at 3); (Dkt. #12-2 at 3).

Dean exercised the SAC Option and prepaid her debt early. (Dkt. #12 at 3). Dean made $4,500 worth of payments between November 2024 and February 2025. (Dkt. #12 at 3). She made the contractually required payments of $463.09 in November 2024 and December 2024, a payment of $1,073.82 in January 2025, and two payments totaling $2,500 in February 2025. (Dkt #12 at 3). Following these payments, Dean requested an early payoff for her account. (Dkt. #12 at 3). UCFS responded by sending Dean a payoff statement on March 12, 2025. (Dkt. #12 at 3). The payoff statement noted that the original balance was $16,671.24, the current balance was $12,171.24, and the current payoff amount was $8,500. (Dkt. #12-4 at 2). For Dean to avoid accruing any additional interest charges, the $8,5000 payoff

amount was due on or before October 3, 2025. (Dkt. #12-4 at 2). Dean made two payments toward the remaining payoff amount in March 2025, totaling $8,500—$3,000 on March 11 and $5,500 on March 13. (Dkt. #12 at 4). Following those two payments, UCFS adjusted Dean's account balance to reflect a credit for the $3,671.24 finance charge, per the "Prepayment and Refinanced Amounts" provision. (Dkt. #12 at 4). Dean's two March payments and the finance charge adjustment satisfied Dean's debt in full. (Dkt. #12 at 4).

Each month, UCFS furnishes account information to credit/consumer reporting agencies, including Experian, Equifax, and TransUnion, by sending "trade lines"—updates reflecting account activity for the prior month. (Dkt. #12 at 4). UCFS furnished the trade line for Dean's account each month in which there was account activity. (Dkt. #12 at 4). The March 2025 trade line reflected the February 2025 payment and labeled Dean's account as a current account with a balance of $12,171. (Dkt. #12 at 4–5). Then, the April 2025 trade line reflected the March payments and labeled Dean's account as paid/account closed because the balance was $0. (Dkt. #12 at 5). Dean sent a letter to Experian, Equifax, and TransUnion on March 13, 2025, to provide notice that she paid in full her consumer credit balance from the Contract. (Dkt. #5-5 at 1). UCFS did not receive any indirect disputes from Experian, Equifax, or TransUnion regarding Dean's account following Dean's letter. (Dkt. #12 at 6).

Based on the foregoing, Dean asserts claims for alleged violations of 15 U.S.C. §§ 1681s-2(a) and (b) under Title XV of the FCRA, claiming UCFS failed to accurately report her payment activity and payoff of her debt. (Dkt. #12 at 6); (Dkt. #5 at 11–13).

Specifically, Dean alleges that UCFS engaged in false, uncorrected reporting of her account because her credit report showed a $14,671.00 balance owed to UCFS from April through June 2025. (Dkt. #5 at 6–7). However, UCFS furnished the April 2025 trade line to various credit reporting agencies showing Dean's current balance was $0 based on payments made since the last cycle in March 2025. (Dkt. #12 at 5). UCFS now seeks summary judgment on all of Dean's claims. (Dkt. #12). Dean has not submitted any filings in opposition to the motion.

## II. LEGAL STANDARD

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting FED. R. CIV. P. 56(a)). A defendant is entitled to summary judgment if he "identifies a lack of evidence to support the plaintiff's claim on an issue for which the plaintiff would bear the burden of proof at trial," unless the plaintiff proffers "summary judgment evidence sufficient to sustain a finding in plaintiff's favor on that issue." *Smith v. Harris Cnty.*, 956 F.3d 311, 316 (5th Cir. 2020) (cleaned up).

Because Federal Rule of Civil Procedure 56 requires that there be no "genuine issue of *material* fact" to succeed on a motion for summary judgment, "the mere existence of *some* alleged factual dispute" is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (cleaned up). A fact is "material" when, under the relevant substantive law, its resolution might govern the outcome of the suit. *Id.*

at 248. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 476–77 (5th Cir. 2000) (citing *Anderson*, 477 U.S. at 248). When a movant shows that the nonmovant failed to proffer sufficient evidence to establish an essential element of its claim, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Courts consider the evidence in the light most favorable to the nonmovant, but the nonmovant may not rely on mere allegations in the pleading; rather, the nonmovant must respond to the motion for summary judgment by providing particular facts showing that there is a genuine issue for trial. *Int'l Ass'n of Machinists & Aerospace Workers v. Compania Mexicana de Aviacion, S.A. de C.V.*, 199 F.3d 796, 798 (5th Cir. 2000). Further, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (cleaned up). Thus, the nonmovant must cite to the evidence it contends supports its opposition to the motion for summary judgment. *See* FED. R. CIV. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

### III. DISCUSSION

UCFS seeks summary judgment on several issues. The Court will address each issue in turn.

Dean has failed to respond to UCFS's motion for summary judgment. Under this Court's local rules "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." Local Rule CV-7(d). Therefore, because Dean failed to respond, the Court accepts as undisputed all facts from UCFS's Motion for Summary Judgment, (Dkt. #12), and proceeds to render judgment on the questions of law. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

**A. Dean's FCRA Claim Under 15 U.S.C. § 1681s-2(a)**

Dean claims UCFS violated Section 1681s-2(a) of the FCRA. (Dkt. #5 at 11). Section 1681s-2(a) provides that no person shall furnish information to a consumer or credit reporting agency that is inaccurate. 15 U.S.C. § 1681s-2(a). This includes a prohibition on (A) reporting information with actual knowledge of errors and (B) reporting information after notice and confirmation of errors. *Id.* However, a consumer has no private right of action for a violation occurring under Section 1681s-2(a). *OmiagboPhilips v. Digital Fed. Credit Union*, No. 4:23-CV-240-ALM-KPJ, 2024 WL 898914, at *5 (E.D. Tex. Feb. 8, 2024), *report and recommendation adopted*, No. 4:23-CV-240, 2024 WL 897600 (E.D. Tex. Mar. 1, 2024).

Here, Dean is attempting to assert a claim against UCFS as a consumer, but her claim fails because there is no private right of action for her to do so. UCFS is considered a furnisher under the FCRA and is thus subject to the duty provided in Section 1681s-2(a). However, because consumers are unable to bring claims against furnishers under this section, Dean's claim fails as a matter of law. Therefore, UCFS is entitled to summary judgment on Dean's Section 1681s-2(a) claim.

**B. Dean's FCRA claim under 15 U.S.C. § 1681s-2(b)**

### i. Failure to Investigate

Dean claims UCFS violated Section 1681s-2(b) of the FCRA by failing to investigate her dispute. (Dkt. #5 at 12). Section 1681s-2(b) outlines the duties of furnishers of information upon notice of dispute. 15 U.S.C. § 1681s-2(b). Notice from a consumer reporting agency, not from a customer, is necessary to trigger the furnisher's duties under Section 1681s-2(b). *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002). Thus, any private right of action under Section 1681s-2(b) requires proof that a consumer reporting agency notified the furnisher. *Id.*

Here, UCFS did not receive any notice of dispute from Equifax, Experian, or TransUnion regarding Dean's account. (Dkt. #12 at 9). Consequently, UCFS's duty to investigate under Section 1681s-2(b) was never triggered. Therefore, summary judgment is warranted on Dean's Section 1681s-2(b) claim.

### ii. Inaccurate Reporting

Dean claims UCFS violated Section 1681s-2(b) of the FCRA by reporting inaccurate information. (Dkt. #5 at 4, 12). Under the FCRA, furnishers have a duty

8

to investigate a dispute regarding the completeness or accuracy of any information provided by a person to a consumer reporting agency. 15 U.S.C. § 1681s-2(b)(1).

This claim fails because there is no genuine dispute of material fact regarding the accuracy of the information UCFS furnished. Although Dean alleges that UCFS erred by not correcting the information on her credit report and allowing her credit report to show a $14,671 balance owed to UCFS, Dean does not dispute that UCFS furnished information showing a $0 balance following her March payments. This indicates that UCFS furnished accurate information on Dean's account's trade line by notifying credit reporting agencies that she paid off her debt to UCFS in March 2025. (Dkt. #12 at 4–5). Here, both Dean and UCFS agree that Dean's original total debt was $16,671.24, that she paid $4,500 between November 2024 and February 2025 towards that debt, and that her account balance reached $0 in March 2025. (Dkt. #5 at 4–6); (Dkt. #12 at 10–12). This information is reflected in the trade lines and Dean has not introduced evidence to dispute the accuracy of that evidence. Because Dean has failed to present a genuine issue of material fact as to the accuracy of UCFS's reporting, summary judgment is warranted on her Section 1681s-2(b) claim.

**C. Dean's FCRA claim under 15 U.S.C. § 1681n**

Dean claims that UCFS violated Section 1681n of the FCRA through its "willful noncompliance with its responsibilities as a furnisher of information to consumer reporting agencies." (Dkt. #5 at 13–16) (cleaned up). Under the FCRA, "[a]ny person who willfully fails to comply with any requirement imposed under

9

[Section 1681], with respect to any consumer is liable to that consumer[.]" 15 U.S.C. § 1681n(a). However, as discussed above, UCFS has not failed to comply with any requirements imposed under Section 1681, willfully or otherwise. *See supra* Part III.A–B. Therefore, summary judgment is warranted on Dean's Section 1681n claim.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendant United Consumer Financial Services Company's Motion for Summary Judgment, (Dkt. #12), is **GRANTED**. It is further **ORDERED** that Plaintiff Christina Camille "Cami" Dean's claims against United Consumer Financial Services Company are **DISMISSED with prejudice**.

**So ORDERED and SIGNED this 14th day of July, 2026.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE